HJH, Inc. v. Cleary                    CV-98-281-SD  09/22/98

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


H.J.H., Inc., et al


        v.                              Civil No. 98-281-SD


Charles F. Cleary, et al


                            O R D E R


        Defendants Charles F. Cleary and Wadleigh, Starr, Peters,

Dunn & Chiesa (Wadleigh firm) move to dismiss this action for

lack of subject matter jurisdiction.  Document 21.  Plaintiffs

object.  Document 22.


1.  Background

        This action arises from the foreclosure by the Federal

Deposit Insurance Corporation (FDIC) of certain commercial hotel

property in Manchester, New Hampshire.  Originally filed in state

court, it was removed here by FDIC, which was originally named as

a party defendant.

The action against FDIC is no longer viable.[1]  Accordingly, no federal claims survive in this court.

Defendants Cleary and Wadleigh firm rely on certain procedural missteps by plaintiff Wagner, who originally appeared in this action pro se.[2]  Plaintiffs, now represented by counsel, point to steps taken to rectify these errors,[3] and suggest that remand, rather than dismissal, is in order.

2.  Discussion

Plaintiffs argue that, by participation in the hearings on motions in state court concerning the propriety of the original writ, the defendants have waived their jurisdictional challenge. A lack of subject matter jurisdiction, unlike lack of personal jurisdiction and the related defenses of insufficiency of process

---

[1]On August 7, 1998, plaintiffs and FDIC filed a stipulation for docket markings dismissing this case with prejudice only as against FDIC.  Document 17.  The clerk should enter a judgment order accordingly.  Rule 58, Fed. R. Civ. P.

[2]Defendants allege plaintiff Wagner failed to comply with New Hampshire Superior Court Rules 1 and 2 in that she, as a nonattorney, did not procure a writ specifically designed for this action and that she failed to include her proper address thereon.

[3]Apparently a hearing was held before Judge Groff in the Northern District of Hillsborough County on motions filed by plaintiffs' counsel seeking to correct the errors concerning the writ.  Judge Groff has ruled that in the event of remand he will rule on those motions without further hearing.

or service, may not be waived. 2 MOORE'S FEDERAL PRACTICE § 12.23, at 12-32 (3d ed. Matthew Bender 1997).

However, the rule is also clear that where, as here, the federal claim has been eliminated from the removed action, it is preferable to remand rather than to dismiss the remaining state claims. <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 357 (1988).

Accordingly, the defendants' motion to dismiss must be and it is herewith denied, and the action is herewith remanded to the Superior Court for Hillsborough County, Northern District.

## 3. Conclusion

For the reasons outlined, the motion to dismiss has been denied, and the case has been remanded to the Superior Court of Hillsborough County, Northern District. The clerk is directed to close this case.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

September 22, 1998

cc: William E. Aivalikles, Esq.
    John V. Dwyer, Esq.
    Andrew D. Dunn, Esq.

3